HAMITER, Justice.
Under our supervisory powers we are presently considering in this succession matter a decision of the district court which sustained a motion to stay the hearing of a rule directed to Henry E. Linam to show cause why a previously issued order, appointing him as trustee under the will of Winston Albert Jones, deceased, should not be rescinded and vacated.
On May 6, 1952, as shown by the record before us, a will of the named decedent was probated in the First Judicial District Court ■of Caddo Parish. In that will Henry E. Linam was bequeathed, as trustee without bond for the testator’s two adopted minor children, one-half of decedent's interest in an oil and gas lease affecting lands in Gregg County, Texas, and known as the Lawson Lacy et al. lease. However, on May 18, 1955 Linam resigned his trusteeship under the will in order to give testimony, allegedly adverse to the rights of the mentioned minors, in a suit then pending in Texas and involving such lease.
On February 27, 1958 Linam, in a petition setting forth that the vacancy created by his resignation had not been filled, made application to the Caddo Parish District Court for reappointment to the mentioned office of trustee. By an ex parte order he was so appointed.
Later, Mrs. Charlene Willoughby Jones, as natural tutrix for such minors and as dative testamentary executrix of decedent’s succession, obtained the issuance of a rule directed to Linam to show cause “ * * * why the order of this Court dated February 27, 1958 appointing him as Trustee under the will of Winston Albert Jones, deceased, should not be rescinded and vacated.” According to her petition for the rule Mrs. Jones sought the rescinding of the appointment because (1) “of the conflict of interest arid prejudice of Henry Linam, and because of his conspiracy to help defraud the minors, Rebecca Charlene Jones and Sharon Eugenia Jones, of their interest in the Gregg County lease and because of his failure to adequately defend the interests of said minors in the Suit No-. 134,240 he is disqualified to serve as such Trustee”, and (2) “this Court is without authority to appoint a Trustee of the interest of the minors, Rebecca Charlene Jones and Sharon Eugenia Jones, in the Gregg County lease.”
Thereupon, Linam filed a motion in which he alleged (and accordingly prayed) that proceedings under the rule “ * * * should be stayed until the final decision of actions now pending in this Court, namely,
“1. Proceeding No. 134,138, entitled Mrs. Charlene Willoughby Jones v. M. Carl Jones et al., being a suit to annul the will of the decedent, Winston Albert Jones.
*301 “2. Proceeding No. 134,240, entitled M. Carl Jones v. Estate of Winston Albert Jones being a suit against the Estate of Winston Albert Jones for its proportionate part of the operating expenses of the Lawson Lacy et al. mineral lease.”
After hearing argument (apparently no evidence was adduced) the trial judge sustained Linam’s motion to stay proceedings.
Complaining of such decision, Mrs. Jones applied to this court for remedial writs; and, pursuant to the application, we ordered the judge to proceed to try relator’s rule forthwith or show cause in this court on a designated date why he should not do so.
In response to our order the judge filed here a return in which he states, with reference to his continued refusal to try the rule, as follows: “A motion to stay the proceedings to remove Linam as Trustee was sustained for the reason that the nullity of the will was in contest and until that was settled, there was no reason to try the motion to remove the Trustee.
“The main point was the fact that there was pending in this Court a suit to annul the will, and if that is successful, there will be no Trustee, and there was no need to try the question of the fitness of a Trustee that might never be able to function. The Trustee presently had no property to act on and would not have any until the will was finally upheld.”
In view of the allegations made in the petition of relator we are of the opinion that the district judge was not justified in staying proceedings under the rule for the rescinding of Linam’s reappointment. Therein she charged that Linam testified against the interest of the minors in the above mentioned Texas suit; and that subsequently (as trustee for such children) he filed a confession of judgment in Suit No. 134,240, now pending on the docket of the Caddo Parish District Court and involving the oil and gas lease in question, which was contrary to the minor children’s best interest and constituted evidence of a conspiracy existing against them. It seems to us that these serious charges of misrepresentation in pending litigation ought to be determined as soon as possible, because undoubtedly such children are entitled to eventually share in the benefits from the mentioned oil and gas lease, either under the terms of decedent’s will (if it is ultimately upheld) or as his heirs at law, and meanwhile their rights should be properly and adequately protected.
For the reasons assigned the writs heretofore issued are made peremptory, the motion for a stay of proceedings is overruled, and the district court is ordered and commanded to forthwith, and according to law, hear and render judgment on relator’s rule directing Henry E. Linam to show cause why his appointment as trustee under the will of Winston Albert Jones, deceased, should not be rescinded and vacated.